**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT D. LORE,

Plaintiff,

v. Case No. 8:25-cv-3562-TPB-LSG

DAVID T. FRUEH, et al.,

Defendants.
_______________________________/

**ORDER GRANTING "DEFENDANT, MATTHEW BELMONTE'S MOTION TO DISMISS AND MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant, Matthew Belmonte's Motion to Dismiss and Memorandum of Law," filed on May 8, 2026. (Doc. 9). Plaintiff Robert D. Lore, proceeding *pro se*, filed a response in opposition on June 3, 2026. (Doc. 16). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

This dispute arises from an arrest for driving under the influence. On December 31, 2023, at around 8:30 p.m., Plaintiff Robert D. Lore claims that he was driving his 2019 Cadillac Escalade westbound on West Platt Street in Tampa, Florida for a ridesharing platform when he was stopped by Defendant Officer David

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Frueh of the Tampa Police Department for speeding and failure to maintain his lane.[2] According to Plaintiff, Frueh informed him that he observed various signs of impairment and initiated a series of field sobriety tests, including a horizontal gaze nystagmus ("HGN") test. After concluding that Plaintiff failed the HGN test and other field sobriety tests, Frueh arrested him.

Following Plaintiff's arrest, testing performed at the jail revealed no alcohol or drugs in his system. The State Attorney's Office ultimately declined to pursue the DUI charge, and Plaintiff now brings this action asserting federal and state law claims arising from the traffic stop, arrest, and subsequent prosecution, including claims under 42 U.S.C. § 1983. Plaintiff further alleges that Frueh's supervisor, Defendant Officer Matthew Belmonte of the Tampa Police Department, along with John Doe Supervisors 1-3, are also liable for their failure to train and supervise Frueh.

On December 31, 2025, Plaintiff filed his complaint asserting claims for: false arrest/false imprisonment against Frueh (Count I); malicious prosecution under Florida law against Frueh (Count II); violation of the Fourth Amendment under § 1983 against Frueh (Count III); defamation against Frueh (Count IV); intentional infliction of emotional distress against Frueh (Count V); municipal liability under § 1983 against the Hillsborough County Sheriff's Office (Count VI); respondeat superior against the Hillsborough County Sheriff's Office (Count VII); negligent

[2] The complaint repeatedly incorrectly identifies Frueh and Defendant Officer Matthew Belmonte as officers with the Hillsborough County Sheriff's Office. Belmonte represents in the motion to dismiss that both he and Frueh are employed by the Tampa Police Department, and the Court refers to them accordingly. In any event, nothing in this Order turns on the identity of the officers' employing agency.

hiring, training or supervision against the Hillsborough County Sheriff's Office (Count VIII); supervisory liability against Belmonte and John Doe Supervisors 1-3 (Count IX); and negligent supervision against Belmonte and John Doe Supervisors 1-3 (Count X).[3] On May 8, 2026, Belmonte filed a motion to dismiss Counts IX and X for failure to state a claim.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

---

[3] The Court notes that Plaintiff has yet to successfully serve the summons and complaint on Frueh, despite gracious extensions of time granted by the Court. The service deadline has been extended to August 10, 2026, and Plaintiff has been directed to file the return of service on or before August 18, 2026. If Plaintiff fails to comply with these deadlines, his claims against Frueh will be subject to dismissal without prejudice without further notice.

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

**<u>Analysis</u>**

***Counts VI, VII, and VIII against Hillsborough County Sheriff's Office***

As a preliminary matter, though not addressed in Belmonte's pending motion, Counts VI, VII, and VIII against the Hillsborough County Sheriff's Office are subject to dismissal. Under Florida law, the Hillsborough County Sheriff's Office is not a legal entity with the capacity to be sued. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013); *see also Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995). Counts VI, VII, and VIII against the Hillsborough County Sheriff's Office are due to be dismissed.

***Count IX – Supervisory Liability Against Belmonte***

Belmonte moves to dismiss Count IX, arguing that Plaintiff has failed to allege sufficient facts that demonstrate that Belmonte personally participated in any alleged constitutional violations or that he had any prior notification of

misconduct that would establish a causal connection between Belmonte's conduct and a constitutional violation.

Supervisory officials are not liable under § 1983 based solely on their supervisory position or under a theory of respondeat superior. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Rather, a plaintiff must allege facts plausibly showing that the supervisor either personally participated in the alleged constitutional violation, or that a causal connection exists between the supervisor's conduct and the alleged constitutional violation. *See Braddy v. Fla. Dep't of Lab. and Emp. Sec.*, 133 F. 3d 797, 802 (11th Cir. 1998) (quoting *Brown*, 906 F.2d at 671).

The complaint here does neither. Although Plaintiff alleges that Belmonte approved Frueh's report and failed to supervise him, the complaint contains no factual allegations showing that Belmonte personally participated in Plaintiff's arrest or investigation, was present during the events at issue, or directed the challenged conduct. The complaint also lacks any factual allegations showing that Belmonte had notice of a history of similar misconduct such that he acted with deliberate indifference.[4] Instead, Plaintiff offers only conclusory allegations that Belmonte failed to supervise Frueh. Consequently, Plaintiff has failed to state a §

[4] To establish the causal connection, Plaintiff must allege "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and that he fails to do so." *See Brown*, 609 F.2d at 671. Importantly, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation omitted).

1983 claim against Belmonte. *See Milinavicius v. Jackson*, No. 1:14-CV-62(LJA), 2015 WL 13667164, at *2 (M.D. Ga. Feb. 26, 2015) ("Conclusory allegations that supervisory officials failed to properly train and supervise staff are insufficient to establish supervisory liability under § 1983."); *see also Santais v. Corr. Corp. of Am.*, No. 5:16-cv-80, 2017 WL 402979, at *3 (S.D. Ga. Jan. 30, 2017) (dismissing a § 1983 supervisory liability claim where the plaintiff did not make any factual allegations that the supervisor directly participated or was otherwise casually connected to the deprivation).

Accordingly, the motion to dismiss is granted as to this ground. The Court will grant leave to amend, if Plaintiff may do so in good faith.

***Count X – Negligent Supervision Against Belmonte***

Next, Belmonte argues that Plaintiff fails to state a claim in Count X against him because he does not include more than general or vague assertions of Belmonte's responsibilities.

To state a claim for negligent hiring, training, retention, supervision, or entrustment against a law enforcement officer under Florida law, a plaintiff is required to plead facts to show that the officer has committed or participated in the commission of a tort himself. *See Jones v. Vasilias*, 359 So.3d 10, 13-14 (Fla. 4th DCA 2023) (citing cases). It is not enough for Plaintiff to make general assertions about the scope of the supervisor's responsibilities to state a claim. *See id.* at 14. Instead, Plaintiff "must include facts showing the supervisor's 'personal involvement' in a tort that led to the plaintiff's injuries, or 'at least knowledge

amounting to acquiescence in the wrongful act.'" *See id.* (quoting *Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 634 (Fla. 4th DCA 2022)).

Plaintiff alleges that Belmonte negligently supervised Frueh, but he pleads no facts establishing the nature of Belmonte's supervisory responsibilities, his personal involvement in the events giving rise to Plaintiff's claims, or facts plausibly showing that Belmonte knew or should have known of a need to supervise Frueh differently. The complaint therefore fails to allege facts supporting a plausible negligent supervision claim against Belmonte in his individual capacity.

Accordingly, the motion is due to be granted as to Count X. However, the Court will grant leave to amend, if Plaintiff may do so in good faith.

***Counts IX and X – Claims Against John Doe Supervisors 1-3***

Plaintiff brings Counts IX and X against John Doe Supervisors 1-3. "[F]ictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).

In this case, Plaintiff fails to provide any detail whatsoever about the identity of the John Doe Supervisors, their relationship to the Tampa Police Department, or their specific involvement as it relates to their failure to train or supervise Frueh in this case. Plaintiff only alleges that the "John Doe Supervisors 1-3 are liable for their failure to train and supervise Frueh, enabling his unconstitutional and tortious actions." These vague allegations "do not fit the limited exception to the general prohibition against fictitious-party pleading in federal court." *See Uppal v.*

*Wells Fargo Bank, NA*, No. 8:19-cv-1334-T-02JSS, 2019 WL 5887182, at *6 (M.D. Fla. Nov. 12, 2019), *appeal dismissed sub nom. Uppal v. Wells Fargo Fin.*, No. 19-14953-H, 2020 WL 1250494 (11th Cir. Mar. 10, 2020). All fictitious parties are therefore dismissed from this action.

***Warning to Pro Se Litigant***

**Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Matthew Belmonte's Motion to Dismiss and Memorandum of Law" (Doc. 9) is **GRANTED** to the extent that Counts IX and X are **DISMISSED WITHOUT PREJDUICE**, with leave to amend.
2. Counts VI, VII, and VIII are *sua sponte* **DISMISSED**.
3. All fictious parties are *sua sponte* **DISMISSED** as Defendants in this action. The Clerk is **DIRECTED** to terminate John Doe Supervisors 1-3 as parties to this action.

4. Plaintiff is directed to file an amended complaint that complies with this Order on or before August 5, 2026. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE